Ernest George MINNS, #99730 Harrisonburg, Virginia Correctional Unit # 8, Plaintiff,

v.

D. W. SIMPSON, Individually and in his official capacity as Superintendent of Harrisonburg Correctional Unit # 8, Defendant.

Civ. A. No. 75-0006.

United States District Court, W. D. Virginia, Harrisonburg Division.

March 24, 1975.

Burnett Miller, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge.

This case involves the adequacy of the isolation facilities of the Harrisonburg Correctional Unit #8. The petitioner, Ernest George Minns, is an inmate at Unit #8 and was confined in isolation there from January 14, 1975, through January 28, 1975, for punitive reasons. Petitioner has made several allegations challenging specifically his fifteen day isolation period. He complains (1) that his cell was too cold; (2) that the reading light was inadequate; (3) that he was not provided with a chair; (4) that he was not provided with warm water; and, (5) that he was denied his "right" to smoke.

Petitioner was allowed to proceed with this *pro se* complaint *in forma pauperis* by order of this court dated January 20, 1975. The allegations are made pursuant to Title 42, U.S.C. § 1983, and jurisdiction vests in this court pursuant to Title 28, U.S.C. § 1343(3) and (4).

Respondent, D. W. Simpson, has filed a motion for summary judgment attaching his own affidavit, an affidavit by Sergeant Robert F. Pratt, a correctional officer at Unit #8, a copy of Department of Corrections Guideline No. 800, and copies of the solitary inspection sheet used to monitor an inmate's period in isolation.

Respondent states in his affidavit petitioner was placed in isolation on January 14, 1975, and that the temperature in isolation cell #1 was in the low sixties and upper fifties on January 15, 1975. The cause of this low temperature is unclear; either a maintenance repair or an open window. The petitioner was moved the next day to isolation cell #2 and the isolation logbook indicates that the temperature in cell #2 was in the middle seventies through the duration of petitioner's isolation period. Respondent states there is no electrical socket in the isolation cells for security reasons, but that there is a light in the hallway immediately adjacent to the cells, which provides adequate light for reading. Respondent also states that petitioner was not given a chair in his isolation cell because his bed remained in the cell at all times. Respondent further states that while petitioner was incarcerated in isolation he had access to a sink in his cell which allowed only cold water, but petitioner was allowed to take a shower with hot water on January 22 and January 27, 1975, and the isolation logbook indicates that petitioner did take showers on these two dates. Finally, respondent admits that petitioner was not allowed personal items including cigarettes and tobacco while he was in isolation. Petitioner was allowed clothing and legal materials.

After considering petitioner's allegations and respondent's affidavit, the court determines that petitioner did not suffer cruel and unusual punishment during his period in isolation. The constitutional standard of cruel and unusual punishment is not readily adaptable to precise mathematical application. It rather depends on a careful analysis of the totality of the circumstances. Solitary confinement is not in itself cruel and unusual punishment, Breeden v. Jackson, 457 F.2d 578 (4th Cir. 1972), but mental abuse, corporal punishment, physical injuries, and unsanitary conditions may raise viable claims, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Herein no such conditions or abuse are alleged. The fact that isolation entails certain temporary inconveniences and discomforts does not create a constitutional deprivation. The discomforts which petitioner has challenged as cruel and unusual are not of a degree so as to constitute a violation of petitioner's constitutional rights.

For the above reasons the court grants respondent's motion for summary judgment and accordingly orders petitioner's complaint dismissed and stricken from the docket. Petitioner is advised that he may appeal the judgment of this court by filing a notice of appeal with the court within thirty (30) days.